IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


VESTER LEE                                                              PLAINTIFF


VERSUS                                          CIVIL ACTION NO. 2:05cv409KS-MTP


CLARENDON NATIONAL
INSURANCE COMPANY                                                       DEFENDANT


## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion for Summary Judgment **[#15]** filed on

behalf of the defendant.  The court, having reviewed the motion, the response, the

briefs of counsel, the pleadings and exhibits on file and being fully advised in the

premises finds that the motion is well taken and should be granted.  The court

specifically finds as follows:


## FACTUAL BACKGROUND

The plaintiff was the owner of Vester Lee Trucking and sustained a work related

injury on or about March 10, 2001.  Clarendon was the workers' compensation

insurance carrier for Vester Lee Trucking.  InServices, Inc. (a/k/a Tarheel Insurance

Management Company, a/k/a TIMCO) was the third party administrator assigned to

handle the claim on behalf of Clarendon.  It is alleged that InServices had complete

responsibility for the administration of the claim on behalf of Clarendon and that

Clarendon's only involvement in the claim was to approve reserve amounts as calculated by the InServices adjuster and to approve settlement authority.  Indemnity and medical benefits were paid in accordance with the Mississippi Workers' Compensation Act from the date of plaintiff's disability.

The case was ultimately controverted and set for trial.  Shortly prior to a hearing before an Administrative Law Judge in October 2003, the parties announced a compromise and settlement of all claims for the sum of $132,500 plus payment of all medical expenses through the date of Commission approval of the settlement.  The parties also agreed that Medicare/Medicaid would have to approve the settlement in regard to a set aside for medical payments prior to the ultimate approval of the settlement by the Mississippi Workers Compensation Commission. The plaintiff also requested an advance of $50,000 on the settlement due to the delay in seeking Medicare and Commission approval.  The settlement was not memorialized in  writing.

Some time later, the ALJ assigned to the case requested an update on the status of the case.  As a result of that inquiry, on December 17, 2003, the parties entered into a written settlement agreement to settle the claim for the sum of $132,500 with $10,000 to be paid immediately with the balance due following Medicare approval regarding any necessary set aside agreement and ultimate Commission approval.  The $10,000.00 was promptly paid.

On or about February 3, 2004, Medicare approved the Medicare set aside agreement by, in fact, not requiring any set aside for future medical payments.  On or about February 17, 2004, the Mississippi Workers' Compensation Commission approved the settlement entered by the parties.  On that same date, InServices was

2

advised that Medicare had approved the set aside agreement and that the Mississippi Workers' Compensation Commission had approved the settlement and entered its final order which required immediate payment of the balance due of $122,500.

According to the defendant, the InServices adjuster, Penelope Alford, issued a settlement draft in the amount of $122,500.00 and forwarded it to Clarendon's office in New York for countersignature. Clarendon allegedly mailed the settlement check to defense counsel on or about February 19, 2004.

The settlement check was not received by defense counsel and on March 3, 2004, a conference call took place between Penelope Alford, defense counsel and counsel for the plaintiff wherein it was discussed what to do since the check had apparently been lost in the mail. During the conference call, counsel for Vester Lee requested that a stop payment order be issued on the misplaced check and requested a replacement check be issued. The following day, the check was located and was marked void and returned to InServices. On March 4, 2004, Penelope Alford issued a check in the amount of $19,900.00, which was the third party administrator's limit of check issuing authority. Also on March 4, 2004, Clarendon issued a check in the amount of $102,600.00 for the remainder of the settlement funds. Both checks were tendered to and negotiated by the plaintiff shortly thereafter.

The plaintiff filed a motion for interest and penalties with the Commission as a result of the delay in receiving the settlement proceeds. The defendant did not respond to the plaintiff's motion even after defense counsel was requested by the Commission to do so. The Commission denied the request for statutory penalties and interest but levied an administrative penalty of $10,000 against the defendant which was appealed

3

to the Marion County Circuit Court and affirmed.  The defendant paid the fine.

The plaintiff then filed his Complaint in this action on January 26, 2005, alleging bad faith claims handling on the part of Clarendon in the underlying workers' compensation claim and in delaying the settlement.  The Complaint makes a passing allegation that Clarendon mistreated the plaintiff throughout the claims process but mainly complains of the actions of Clarendon in delaying the settlement from the October settlement; by only agreeing to advance $10,000 prior to approval instead of the $50,000 requested as part of the October negotiations; and by delaying ultimate payment of the settlement proceeds from February 17, 2004, until March 4, 2004.  However, the court notes that the plaintiff's counsel did not seek Medicare approval until after the settlement agreement of December 17, 2003, was executed so his complaint of delay on the part of the defendant prior to that date loses its persuasiveness.

The plaintiff generally complains about the claims handling process prior to the settlement agreement but does not specifically argue this in his brief in response to the present motion.  The defendant asserts that it is not liable for any of these general complaints in that InServices was a third party claims administrator assigned by the defendant to handle the claims and that its actions cannot be imputed to Clarendon.  This is of no moment because it appears to the court that the plaintiff has not effectively pursued any claim regarding the underlying handling of the claim prior to the settlement agreement .  It appears to the court that plaintiff's case rests on the delay between February 17, 2004, and ultimate receipt of the settlement checks in early March 2004.

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material." Id.  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d

5

265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalia<u>n</u>*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v.*

*National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## BAD FAITH AND PUNITIVE DAMAGES IN MISSISSIPPI

It is well settled Mississippi law that an insurance company which unreasonably refuses to pay a legitimate claim may be subjected to punitive damages.  It is equally well settled that "[p]unitive damages are not recoverable for a breach of contract unless such breach is attended by intentional wrong, insult, abuse or such gross negligence as to consist of an independent tort."  *Progressive Casualty Ins. Co. v. Keys*, 317 So.2d 396, 398 (Miss.1975).  Neither are punitive damages recoverable "if an insurance

company has a legitimate or an arguable reason for failing to pay a claim." *Standard Life Insurance Co. v. Veal*, 354 So.2d 239, 248 (Miss.1977).

Thus, for punitive damages to be recoverable under Mississippi law, (1) there must have been an absence of a legitimate or arguable reason for denying the claim; and (2) the insurance company must have committed a wilful or malicious wrong, or acted with gross and reckless disregard for the rights of the insured.  Both of these elements must be present.  *See Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620 (Miss.1988).  These same elements must be proved to sustain a bad faith claim against a worker's compensation carrier.  *See Southern Farm Bureau Cas. Ins. Co. v. Holland,* 469 So.2d 55 (Miss.1984).

However, punitive damages are not favored under Mississippi law and are considered an extraordinary remedy allowed "with caution and within narrow limits." *Veal*, 354 So.2d at 247, and are to be assessed only in extreme cases.  See *Gardner v. Jones*, 464 So. 2d 1144, 1148 (Miss. 1985). "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed with caution and within narrow limits."  *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620, 622 (Miss.1988).  Further,

> [a]s a general rule, exemplary or punitive damages are 'added damages' and are in addition to the actual or compensatory damages due because of an injury or wrong. The kind of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others.

*Summers ex rel. Dawson v. St. Andrew's Episcopal School, Inc.*, 759 So.2d 1203, 1215 (Miss.2000) (citing *Fowler Butane Gas Co. v. Varner*, 244 Miss. 130, 150-51,141 So.2d

226, 233 (1962)).  See also, *Paracelsus Health Care Corp. v. Willard*, 754 So.2d 437, 442 (Miss.1999).  "In order to warrant the recovery of punitive damages, there must enter into the injury some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule."  *Id.* (citing 15 Am.Jur., Damages, Sec. 265, p. 698).  When deciding whether to submit the issue of punitive damages to a trier of fact, the court is required to examine the totality of the circumstances as established by the record, to determine if a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard in order to justify the imposition of punitive damages.  See *Ross-King-Walker, Inc. v. Henson*, 672 So.2d 1188, 1191 (Miss.1996).

## CONCLUSION

After a through review of the facts of this case, the court concludes that the plaintiff has failed to present a genuine issue of material fact on the issue of bad faith conduct on the part of this defendant.  While the defendant did not immediately comply with the Commission order of February 17, 2004, it has presented a legitimate reason for a portion of the delay.  Further, any delay occasioned by the defendant's conduct does not rise to the level of "ruthless disregard for the rights of others, so as to take the case out of the ordinary rule."  While this may be a case of neglectful conduct, it is not one of bad faith.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment **[#15]** is Granted and the plaintiff's Complaint is dismissed with

prejudice and that all other motions are dismissed as moot.

A separate judgment shall be entered herein in accordance with Rule 58,

Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 23rd day of October, 2006.


s/*Keith Starrett*
UNITED STATES DISTRICT JUDGE